IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

ERIN C. SANBORN-ALDER,      §
Individually and as Independent §
Executrix of the Estate of  §
Clifford Alder,             §
                            §
            Plaintiff,      §
                            §
VS.                         §   CIVIL ACTION H-09-0806
                            §
CIGNA GROUP INSURANCE,      §
LIFE INSURANCE COMPANY OF NORTH §
AMERICA, CBCA ADMINISTRATORS, §
INC., and NATIONAL EMPLOYMENT §
BENEFIT COMPANIES, INC.,    §
                            §
            Defendants.     §

## OPINION AND ORDER

The above referenced cause asserts wrongful denial of
insurance benefits owed to Plaintiff Erin Sanborn-Alder ("Sanborn-
Alder") and/or to the estate of her late husband, Clifford Alder,
a pilot for Continental Airlines who died of cancer, under the
Employment Retirement Income Security Act of 1974 ("ERISA"), 29
U.S.C. § 1001, *et seq.*  Pending before the Court *inter alia* is a
motion for partial summary judgment filed by Defendant A.C. Strip,
Esq., as Receiver of CBCA Administrators, Inc., in Receivership
("CBCA")(instrument #66).

The Court hereby incorporates its Opinion and Order of Partial
Dismissal (#60), entered on January 26, 2010, including its summary
of the alleged facts (at 6-9).

### Standard of Review

Summary judgment under Federal Rule of Civil Procedure 56 is proper when "the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). The movant has the burden to demonstrate that no genuine issue of material fact exists and that it is entitled to judgment as a matter of law. *Celotex Corp. v. Catrett*, 317, 323 (1986). The substantive law governing the claims identifies the essential elements and thus indicates which facts are material. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 317, 325 (1986).

Where the non-movant bears the burden of proof at trial, the movant need only point to the absence of evidence to support an essential element of the non-movant's case; the movant does not have to support its motion with evidence negating the non-movant's case. *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994).

If the movant succeeds, the non-movant must come forward with evidence such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. at 248. The non-movant "must come forward with 'specific facts showing there is a genuine issue for trial.'" *Matsushita Elec. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). "A factual

dispute is deemed 'genuine' if a reasonable juror could return a verdict for the nonmovant, and a fact is considered 'material' if it might affect the outcome of the litigation under the governing substantive law." *Cross v. Cummins Engine Co.*, 993 F.2d 112, 114 (5th Cir. 1993).  Summary judgment is proper if the non-movant "fails to make a showing sufficient to establish the existence of an element essential to that party's case." *Celotex Corp.*, 477 U.S. at 322-23; *Piazza's Seafood World, LLC v. Odom*, 448 F.3d 744, 752 (5th Cir. 2006).  Although the court draws all reasonable inferences in favor of the non-movant, the non-movant "cannot defeat summary judgment with conclusory, unsubstantiated assertions, or 'only a scintilla of evidence.'" *Turner v. Baylor Richardson Med. Center*, 476 F.3d 337, 343 (5th Cir. 2007). Conjecture, conclusory allegations, unsubstantiated assertions and speculation are not adequate to satisfy the nonmovant's burden. *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1079 (5th Cir. 1994); *Ramsey v. Henderson*, 286 F.3d 264, 269 (5th Cir. 2002).  "'[A] subjective belief of discrimination, however genuine, [may not] be the basis of judicial relief.'" *Lawrence v. Univ. of Texas Medical Branch*, 163 F.3d 309, 313 (5th Cir. 1999), *quoting Elliott v. Group Med. & Surgical Serv.*, 714 F.2d 556, 567 (5th Cir. 1983).  Nor are pleadings competent summary judgment evidence.  *Little*, 37 F.3d at 1075; *Wallace v. Texas Tech. U.*, 80 F.3d 1042, 1045 (5th Cir. 1996).

A district court may not make credibility determinations or

weigh evidence when deciding a summary judgment motion. *Chevron Phillips*, 570 F.3d 606, 612 n.3 (5th Cir. 2009), *citing EEOC v. R.J. Gallagher Co.*, 181 F.3d 645, 652 (5th Cir. 1999).

### CBCA's Motion for Partial Summary Judgment (#66)

CBCA now moves for summary judgment on the sole remaining claim against it, under ERISA's civil enforcement provision, Section 502(a)(1)(B), 29 U.S.C. § 1132(a)(1)(B) for denial of plan benefits. That provision states,

> (a) **Persons empowered to bring a civil action**. A civil action may be brought--
>
> (1) by a participant or beneficiary--
>
> (B) to recover benefits due him under the terms of his plan, to enforce his rights under the terms of the plan, or to clarify his rights to future benefits under the terms of the plan . . . .

At issue is whether CBCA[1] is a proper party defendant under the statute. Courts are divided over who may be sued under § 1132(a)(1)(B). In *Musmeci v. Schwegmann Giant Super Markets, Inc.*, 332 F.3d 339, 349 (5th Cir. 2003), *cert. denied*, 540 U.S. 1110

---

[1] Defendant Life Insurance Company of North America ("LICNA") identifies itself as "LINA," a name used interchangeably in the briefing and in the documents with LICNA.

In its motion for summary judgment (#69 at 1-2), LICNA states that Plaintiff "seeks recovery of $400,000 in voluntary life insurance benefits she claims she is entitled to receive under a LINA policy for which CBCA, the administrator for ported and/or converted benefits, mistakenly issued a certificate instead of porting [Alder's] personal accident insurance under a separate insurance policy issued by AIG."

(2004), the appellate court panel noted that although the language of the statute suggests that the ERISA plan is the only proper party defendant to such a claim, the Fifth Circuit had not addressed the issue.  It further observed that the Seventh, Eleventh, Eighth, and Sixth Circuits had previously concluded that plan beneficiaries can sue the employer instead of the plan under § 1132(a)(1)(B) if it was the employer's decision to deny the benefits.  *Id.* at 349-50 (and cases cited therein)(concluding that when the employer is a plan sponsor and the administrator[2] who made

---

[2] ERISA defines the plan "administrator" and "plan sponsor" as follows:

(16)(A)  The term "administrator" means--

(i) the person specifically so designated by the terms of the instrument under which the plan is operated;

(ii) if an administrator is not so designated, the plan sponsor; or

(iii) in the case of a plan for which an administrator is not designated and a plan sponsor cannot be identified, such other person as the Secretary may by regulation prescribe.

(b) The term "plan sponsor" means (i) the employer in the case of an employee benefit plan established or maintained by a single employer, (ii) the employee organization in the case of a plan established or maintained by an employee organization, or (iii) in the case of a plan established or maintained by two or more employers or jointly by one or more employers and one or more employee organizations, the association, committee, joint board of trustees, or other similar group of representatives of the parties who establish or maintain the plan.

29 U.S.C. § 1002(16)(A) and (B).

the final determination regarding the plaintiff's benefits, and where the relevant plan has "no meaningful existence apart from" the employer, the employer is a proper defendant under § 1132(a)(1)(B)). *See also Wilson v. Kimberly-Clark Corp.*, No. 07-60289, 254 Fed. Appx. 280, 287 (5th Cir. Nov. 5, 2007). It did not hold that the plan was the only proper defendant. *American Surgical Assistants, Inc. v. Great West Healthcare of Texas, Inc.*, Civ. A. No. H-09-0646, 2010 WL 565283, *3 (S.D. Tex. Feb. 17, 2010)(Werlein, J.)(holding that "a claim under § 1132(a)(1)(B) is not *per se* limited to plan defendants", *citing Musmeci*, 332 F.3d at 349-50). Under decisions by district courts in the Fifth Circuit, CBCA argues that not only must the proper defendant have the ultimate authority to determine eligibility for benefits and be the final decision-maker as to eligibility, but it must also be the party responsible for paying out the benefits under the ERISA plan. *Kinnison v. Humana Health Plan of Texas, Inc.,* No. C-07-381, 2008 WL 2446054, *11 (S.D. Tex. June 17, 2008)(finding that Prest was not a proper defendant because Prest was not the plan or the plan administrator, nor did it have the authority to determine Plaintiff's eligibility for benefits, no less make the final decision); *Cooksey v. Metro Life Ins. Co.*, No. 3:02-CV-2583-M, 2004 WL 1636973, *3 (N.D. Tex. June 17, 2004)("Because Kroger is not responsible for paying dependent life benefits under the Kroger plan, Kroger is not a proper Defendant to a claim for benefits

-6-

under the Kroger Plan"); *Metro Life Ins. Co. v. Palmer*, 238 F. Supp. 2d 826, 830 (E.D. Tex. 2002)(holding that the AT&T defendant was not a proper party to a claim under § 1132(a)(1)(B) because it "was in no way obligated to pay the benefits under the terms of the Plan").

With supporting documents, CBCA insists that Plaintiff Erin Sanborn-Alder, Individually and as Independent Executrix of the Estate of Clifford Alder, cannot maintain her cause of action against CBCA under § 1132(a)(1)(B) because (1) it is undisputed that CBCA is not the Plan; (2) there is no evidence demonstrating that CBCA granted or denied the claim under the Plan; and (3) CBCA was not responsible to pay benefits under the Plan. *See Blum v. Spectrum Restaurant Group, Inc.*, No. 4:02-CV-98, 2003 WL 1889036, *8 (E.D. Tex. Apr. 14, 2003)(Because CBC is not the Plan, did not control the administration of the Plan, had no authority to grant or deny claims or manage or disperse fund assets or maintain claim files, and was in no way obligated to pay benefits under the terms of the plan, it was not a proper party defendant to a wrongful denial of benefits claim under § 1132(a)(1)(B)), *aff'd*, 140 Fed. Appx. 556 (5th Cir. Aug. 8, 2005). Moreover, it had no relationship to the Plan on the date that the claim for benefits was made because its successor, NEBCO, had earlier become the administrator for the Plan. Plaintiff admits that she submitted claims under the Plan to LICNA or CIGNA, but not to CBCA, and that she never made

any payments under the Policy to CBCA.  Thus Plaintiff cannot meet
her burden of showing that CBCA is a proper party to her claim
under § 1132(a)(1)(B), and the Court should grant summary judgment
to CBCA.

### LICNA's Response (#70)

Objecting to granting CBCA a partial summary judgment, LICNA
contends that CBCA did administer the Plan at the time that the
voluntary life insurance benefit certificate was issued and that
CBCA issued it without verifying whether Clifford Alder was
entitled to such benefits.  Moreover because CBCA is a proper party
to this lawsuit, the Court cannot grant summary judgment in favor
of CBCA without examining the merits of Plaintiff's claim for
benefits.  Moreover LICNA incorporates and adopts the arguments and
evidence relied upon in its motion for summary judgment filed on
April 2, 2010 (#69), which will be addressed by separate order.

LINA maintains that there is substantial authority in Texas
federal district courts that a claim administrator can be a proper
party to an ERISA action where the claim administrator exercises
control over the administration of the ERISA plan.  Insisting that
the *Musmeci* decision expressly "was limited to its facts," "did not
specifically decide the issue of a proper defendant in a Section

[1132](a)(1)(B) action,"[3] and "did not . . . establish a 'general rule' that the plan was the only proper defendant, or by implication any 'narrow exception' to such rule,"[4] LICNA argues that while the statute limits the entities that can bring suit (a "participant or beneficiary" of an employee benefit plan), it does not expressly limit the proper defendants to such an action. LICNA points to decisions in other Circuits that have concluded that the plan, the plan administrator, and whoever else controls the administration of the plan can be a proper defendant under § 1132(a)(1)(B). *See, e.g., Mein v. Carus Corp.*, 241 F.3d 581 (7th Cir. 2001)(employer was a proper defendant to a § 1132(a)(1)(B) claim for benefits where the plan documents referred to them interchangeably, where the employer and the plan were "closely intertwined, and where the employer was the plan administrator); *Layes v. Mead Corp.*, 132 F.3d 1246, 1249 (8th Cir. 1998)(proper defendant is the party that controls administration of the plan); *Garren v. John Hancock Mut. Life Ins. Co.*, 114 F.3d 186, 187 (11th Cir. 1997)(same); *Mitchell v. Eastman Kodak Co.*, 113 F.3d 433 (3d Cir. 1997)(plan administrator; decision to deny benefits challenged under § 1132(a)(B) is reviewed *de novo* unless the plan gives administrator discretionary authority to determine eligibility or to construe the terms of the plan, in which circumstance the

---

[3] *Quoting Kinnison*, 2008 WL 2446054, *10 n.25.

[4] *Quoting American Surgical Assistants*, 2010 WL 565283 at *3.

administrator's determination will not be disturbed if reasonable)(*citing Firestone Tire & Rubber Co. v. Bruch*, 489 U.S. 101, 108 (1989)); *Leonelli v. Pennwalt Corp.*, 887 F.2d 1195, 1199 (2d Cir. 1989)("In a recovery of benefits claim [under § 1132(a)(1)(B)] only the plan, the administrators and the trustees of the plan in their capacities as such may be held liable."; *Daniel v. Eaton Corp.*, 839 F.2d 263, 266 (6th Cir. 1988)(holding that the pension committee which was responsible for administering and interpreting the plan and for denial of benefits was the proper defendant; unless an employer is shown to control administration of a plan, it is not a proper party defendant in an action concerning benefits under § 1132(a)(1)(B)).  Although the Ninth Circuit in *Gelardi v. Pertec Computer Corp.*, 761 F.2d 1323, 1324 (9th Cir, 1985), held that only the ERISA plan could be sued under § 1132(a)(1)(B), it subsequently concluded that a beneficiary could sue a plan administrator under § 1132(a)(1)(B) in *Taft v. Equitable Life Ins. Soc.*, 9 F.3d 1469, 1471 (9th Cir. 1994)*, abrogated on another ground, Abatie v. Alta Health Life Ins. Co.*, 458 F.3d 955 (9th Cir. 2006)(*en banc*).  District courts in the Fifth Circuit disagree about whether the plan is the only proper defendant, or whether an administrator may be sued.  *See, e.g., Bernstein v. Citigroup Inc.*, No. 3:06-CV-209 M, 2006 WL 2329385, *4 (N.D. Tex. July 5, 2006)(and cases cited therein).  Some Fifth Circuit district courts have held that a plaintiff can bring a §

1132(a)(1)(B) action against a non-plan defendant when there is evidence showing that it exerted control over the plan administration. *Id.* ("a claim under § 1132(a)(1)(B) is not *per se* limited to plan defendants; a defendant must be shown to control the administration of the plan); *American Surgical*, 2010 WL 565283 at *3 (proper defendant may be the plan or an employer that indisputably made the final decision to deny benefits to the employee under a plan that had no meaningful existence separate from the employer); *Franklin v. AT&T Corp.*, No. 3:08-CV-103 1M, 2008 WL 5156687, *2 (N.D. Tex. Dec. 9, 2008)(proper defendant can be an non-plan entity that actually controls the administration of the plan).

Thus to the extent that CBCA actually controlled administration of the employee benefit plans in this action, it is a proper party defendant to Plaintiff's § 1132(a)(1)(B) claim, insists LICNA. LICNA points to the administration records kept by NEBCO and itself (Exs. B-1 and C, attached to #69) to demonstrate that CBCA exercised control over the Continental Plan at the time Clifford Alder attempted to continue his personal accident benefits under the Continental Plan. LICNA's records show that Clifford Alder was eligible for $158,000 in basic life benefits provided to active full-time Continental employees under the Plan as of 2005; in addition it gave participants the option to apply and pay for voluntary life insurance benefits. Alder never applied for the

latter under the LICNA Policy, but instead applied for and received $400,000 in personal accident benefits insured by AIG Life Insurance Company under Policy No. PAI 8049278 ("AIG Policy").

Plaintiff asserts that her husband left Continental Airlines in June 2005 after he was diagnosed with cancer. On June 2, 2005 Hewitt & Associates, a third-party contractor of Continental Airlines sent Alder a letter informing him that he had the option to continue his personal accident coverage under the AIG Policy and enclosing an application to return "to the insurance company at the address printed on the application." By mistake, Hewitt enclosed a CIGNA application for continuance of insurance rather than an AIG application. The application has LINA's service mark on the top right corner, but the form states that it should be returned to CBCA Inc. for processing. #69, Ex. B-1, Alder/LINA 61, 62. Alder filled out the form to continue voluntary coverage for the amount currently in force and forwarded it to CBCA, then the plan administration entity that handled Continental Employees' requests for porting or converting benefits under the Continental Plan. #69, Ex. B. CBCA received the application on June 24, 2005 and began prosecuting his request to port voluntary life insurance benefits. Ex. C, NEBCO 31-32. Lorraine P. Knott, a CBCA customer service employee, registered the application on that date and initialed the form to indicate that she conducted a "pre-screening/eligibility" review that day. *Id.* She did not check any

-12-

of the pre-screening items listed on the processing form, including "Verified benefit amount" task. *Id.*, NEBCO 31. Yet she in error issued "ported" life insurance benefits totaling $400,000 to Clifford Alder on June 27, 2005. *Id.*, NEBCO 31-32. The Schedule of Group Insurance certificate that Knott issued also mistakenly showed that Alder had $400,000 in life benefits as of June 1, 2005. NEBCO 24. Knott forwarded the Schedule to Alder with a letter dated June 27, 2005. NEBCO 33-34. Although CBCA claims it never communicated with Alder, this letter, also signed by CBCA employee Knott, bears the logo and name of LINA's registered service mark, but states that the Plan is "Administered by CBCA Administrators, Inc." and gives CBCA's return address. NEBCO 33-34. Furthermore, as the administrator CBCA accepted and processed Alder's initial premium payments. NEBCO 18. In sum, argues NEBCO, the letter demonstrates that CBCA controlled the administration of the Continental Plan at this stage by accepting applications for continued coverage, processing such applications, verifying benefits available under the Plan when they were not actually available, issuing Schedule of Group Insurance certificates on behalf of Plan beneficiaries, and accepting premium payments for Plan benefits. In other words, argues LICNA, CBCA is a proper defendant to this suit because it exercised administrative control over the Plan.

-13-

### CBCA's Reply (#72)

CBCA argues that Plaintiff, not CBCA, is required to produce evidence to overcome CBCA's motion for summary judgment.  It insists that because Plaintiff has not responded to CBCA's motion for summary judgment, the Court should dismiss the claim and reject LINA's response.

Second, LICNA has not cited a single case to support a claim against a former plan administrator where the former administrator is not the plan, did not deny Plaintiff's claim under the plan, and was not responsible for payment of benefits under the plan.  CBCA insists that LINCA's claim fails as a matter of law because it cannot cite a single case where a party that had no control over the denial of a claim and had no responsibility for payment of the claim was found to be a proper party to a claim under § 1132(a)(1)(B).  #72 at 6.   CBCA reiterates that it is not the plan; that LINA admits that it, and not CBCA, was the claims administrator and made the determination to deny Alder's insurance claim; that LINA does not dispute CBCA's evidence that it was not responsible for payment of benefits under the policy; and that LINA's judicial admissions state that it, not CBCA, controlled Alder's premiums under the policy.  CBCA argues that Exhibits B-1 and C to LICNA's motion for summary judgment (#69) do not show that CBCA exercised control over the plan.  Moreover, the mere fact that the "Application for Continuance of Insurance" contains CBCA's

mailing address does not constitute evidence that CBCA controlled the determination of benefits under the policy.  The NEBCO 31-32 exhibit does not support LINA's control claim and there is no affidavit or any summary judgment evidence as to what the form is, what it means, or who completed it.  NEBCO 24 does not refer to CBCA; the heading indicates it is a document issued by LINA.  There is also no evidence that NEBCO 33-34 was prepared or sent by CBCA, especially since its heading suggests it was sent by CIGNA Group Insurance.  Nor does NEBCO 18 refer to CBCA, nor present any summary judgment evidence of control by CBCA.  LICNA also fails to present summary judgment evidence that demonstrates that Lorraine Knott is a CBCA employee, and even if NEBCO 33-34 had been sent by a CBCA employee, it not adequate to support the claim that CBCA had control over the administration of claims under the policy.

### Court's Decision

CBCA's insistence that the Court should dismiss the claim against CBCA because Plaintiff has not responded to its motion for summary judgment is untenable as a matter of law in the Fifth Circuit.  A motion for summary judgment cannot be granted merely because no opposition has been filed, even though a failure to respond violates a local rule.  *Hibernia National Bank v. Administracion Central Sociedad Anonima*, 776 F.2d 1277, 1279 (5th Cir. 1985), *citing John v. State of La. (Bd. of Trustees for State Colleges & Universities)*, 757 F.2d 698, 709 (5th Cir. 1985).  "The

movant has the burden of establishing the absence of a genuine issue of material fact and, unless he has done so, the court may not grant the motion regardless of whether any response was filed. *Id., citing id.* at 708.  A decision to grant summary judgment based only on default is reversible error.  *Id.*  Moreover, in its review of a motion for summary judgment, the Court is entitled to examine the record as a whole, and if LICNA points the Court to summary judgment evidence that does raise genuine questions of material fact about the control of the plan by an administrator of the plan, the Court may consider it.

CBCA further contends that because LICNA's judicial admissions (that LICNA was the claims administrator of the plan, that it decided to deny the benefits in dispute, that it was in control of the premiums paid under the policy) establish that LICNA, not CBCA, was in control of Plaintiff's policy, LICNA's effort to deflect responsibility by convincing the Court that CBCA is responsible in part for the denial of Alder's claims fails as a matter of law. The Court disagrees with this statement.  While the judicial admissions may bind LICNA, the party that made them,[5] they do not restrict the Court's consideration of contrary evidence regarding control of administration of the plan.

---

[5] *See, e.g., Campbell v. Sonat Offshore Drilling, Inc.*, 979 F.2d 1115, 1119 (5th Cir. 1992).

CBCA's arguments about summary judgment evidence are also flawed. A defendant can move for summary judgment "with or without supporting affidavits." Fed. R. Civ. P. 56(b) in effect before December 1, 2010. Moreover other kinds of documents may constitute summary judgment evidence, including "discovery and disclosure materials on file," such as answers to interrogatories, depositions, documents, electronically stored information, "or other materials." Fed. R. Civ. P. 56(c)(2) in effect before December 1, 2010; new Rule 56(c)(1). There is an affidavit from Renee Worst, Operations Manager of LICNA, authenticating the cited exhibits' documents as business records.

In addition CBCA argues only in its reply that under Fifth Circuit law "claims for entitlement to benefits not because they are due under the terms of the policy, but rather because an administrator engaged in inequitable conduct are simply 'not cognizable under § 1132(a)(1).'" *Khan v. Am. Int'l Group, Inc.*, 654 F. Supp. 2d 617, 628 (S.D. Tex. 2009), *citing Chacko v. Sabre, Inc.*, 473 F.3d 604, 609 (5th Cir. 2006)(claim that a plan participant is entitled to benefits under the plan because the administrator engaged in inequitable conduct is not cognizable under § 1132(a)(1)(B), which provides that an ERISA plan participant or beneficiary may only "recover benefits due him *under the terms of his plan*, to enforce his rights *under the terms of the plan*, or to clarify his rights to future benefits *under the terms*

*of the plan*.[emphasis added]"  LICNA maintains that Alder was not entitled to recover benefits under the terms of the plan.  Because this argument is outside the issue presented by CBCA's its motion for summary judgment, i.e., whether CBCA qualifies as a proper party defendant for claims under § 1132(a)(1)(B), and raised for the first time only in its reply, the Court will not consider it until it addresses other pending motions on the merits.

As to whether CBCA is a proper defendant under § 1132(a)(1)(B), successive administrators may be liable under the statute if each at some point during the dispute maintained control over the plan and was making decisions which denied Plaintiff plan benefits. *See, e.g., McIntyre v. Aetna Life Ins. Co.*, 581 F. Supp. 2d 749 (W.D. Va. 2008); *Yoon v. Fordham University Faculty*, 173 Fed. Appx. 936 (2d Cir. Apr. 14, 2006); *Zielinski v. Pabst Brewing Co., Inc.*, 360 F. Supp. 2d 908 (E.D. Wis. 2005).

The key question here is whether CBCA was a plan administrator that controlled the administration of the plan.  The threshold question then becomes what is meant by the "administration" and/or "control" of a plan.  There is a diversity of views among courts as to what functions constitute administration of a plan for purposes of a proper defendant for a § 1132(a)(1)(B) claim for benefits. The Fifth Circuit has not addressed the question and the district courts in the Circuit have different responses.  Citing various cases CBCA argues that the proper defendant is the administrator

-18-

that makes the final determination of eligibility for benefits and is responsible for paying out those benefits.  Nevertheless, there are other court decisions that do not explicitly place restrictions on the kind of functions that must be performed to qualify as a proper defendant administrator for purposes of a claim for benefits under § 1332(a)(1)(B), as long as the administrator played some role in administering benefits.  Some of the cases even cited by CBCA do not define what exactly what functions the administrative control of the plan entails.

Furthermore CBCA has argued that there is not a single case in which a party that had no control over the denial of the claim and no responsibility for payment of the claim was found to be a proper party to a claim under § 1132(a)(1)(B).  In *Franklin v. AT&T Corp.*, No. Civ. A. No. 3:08-CV-1031-M, 2008 WL 5156687, *3 (N.D. Tex. Dec. 9, 2008), the Honorable Barbara Lynn observed that "the test used to determine whether an entity is a plan administrator is how the entity actually functions *vis-a-vis* the plan, not how that entity is denominated in the applicable documents," and opined,

> [T]his Court held in *Bernstein* that an entity that is functionally a plan administrator is a proper defendant in a Section 1132(a)(1)(B) suit.  An entity need not be responsible for payment of plan benefits in order to be a plan administrator. The situation here is almost identical to that in *Sleater v. Boy Scouts of America*, where another Court in this district held that a purported "claims administrator" was properly sued under § 1132(a)(1)(B), because it was responsible for "receiving, processing, investigating, and evaluating claims."  Here the evidence shows that MetLife had

> substantial, if not total, responsibility in evaluating what benefits were payable under the Plan.

*Id.* (denying Rule 12(b)(6) motion because a designated claims administrator could be a proper defendant if it controlled the administration of the plan), *citing Sleater v. Boy Scouts of America*, No. Civ. A. 3:01-CV-2097-G, 2002 WL 663563, *3 n.3 (N.D. Tex. Apr. 19, 2002)(Fish, J.)(finding the claims administrator a proper party defendant for a claim under § 1132(a)(1)(B)because it was responsible for receiving, processing, investigating and evaluating claims").[6]   Certainly the factual allegations of Plaintiff against CBCA fall within the language "receiving,

---

[6] *But see Gomez-Gonzalez v. Rural Opportunities, Inc.*, ___ F.3d ___, No. 09-2557, 2010 WL 4884431, *8 (1st Cir. Dec. 2, 2010), in which the appellate court very recently opined,

> "[T]he proper party defendant in an action concerning ERISA benefits is the party that controls administration of the plan." *Terry v. Bayer Corp.*, 145 F.3d 28, 36 (1st Cir. 1998)(internal quotation marks and citations omitted).  There is an exception to this general rule: If an entity or person other than the named plan administrator takes on the responsibilities of the administrator, that entity may also be liable for benefits.  *Law v. Ernst & Young*, 956 F.2d 364, 372-73 (1st Cir. 1992).  **However, "the mere exercise of physical control or the performance of mechanical administrative tasks generally is insufficient to confer fiduciary status."** *Beddall v. State St. Bank & Trust Co.*, **137 F.3d 12, 18 (1st Cir. 1998);** *see also Terry*, **145 F.3d at 35-36 (quoting a Department of Labor interpretive bulletin for the proposition that "an entity which merely processes claims 'is not a fiduciary because such person does not have discretionary authority or discretionary control respecting management of the plan.'" (quoting 29 C.F.R. § 2509.75-8, D-2 (1997))).  [emphasis added by the Court.]**

processing, investigating, and evaluating claims." There was some discretion involved in its evaluation of Alder's claims.

After reviewing the briefs and the applicable law, the Court concludes that there is no clear criteria as to what constitutes sufficient administrative control over the plan for purposes of liability of a plan administrator the statute. It further finds that there are genuine issues of material fact about, and gaps in the record as to, how much control CBCA had and thus whether CBCA is a proper defendant to Plaintiff's § 1132(a)(1)(B) claim. Accordingly, the Court

ORDERS that CBCA's motion for partial summary judgment (#66) is DENIED.

**SIGNED** at Houston, Texas, this 13th day of January , 2011.

_____
MELINDA HARMON
UNITED STATES DISTRICT JUDGE